UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILIP WILDSTEIN,

    Plaintiff,

v.                                                   Case No:   6:16-cv-336-Orl-41TBS

CHEYENNE HOLDINGS, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Final Judgment Pursuant to Court's Default Judgment against Defendant (Doc. 10). After due consideration, I respectfully recommend that the motion be **denied**.

### Background

On February 25, 2016, Plaintiff Philip Wildstein filed this case against his former employer Cheyenne Holdings, Inc. a/ka/ Galaxy Distribution, Inc. for, *inter alia*, unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Doc. 1). Plaintiff alleges that he "was hired under the guise of an independent contractor agreement, when in reality [he] was simply a non-exempt employee working solely for the Defendant" (Doc. 1 ¶ 8). Plaintiff further alleges that Defendant failed to pay him for invoices of time submitted in January and February, 2015 (Id. ¶10). Plaintiff also seeks reimbursement for defending a lawsuit filed by Defendant in New Jersey (Id. ¶¶ 12-16). The Clerk of Court entered a default against Defendant on May 3, 2016 (Doc. 9) and on June 29, 2016, Plaintiff filed the instant motion for entry of final judgment (Doc. 10). On

June 30, 2016, the district judge referred the motion to me for a report and recommendation (Doc. 10).

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

### A. The Clerk's Entry of Default Was Appropriate

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

- 2 -

> process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[2] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

---

[2] FLA. STAT. § 48.091 provides that:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, **if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."** FLA. STAT. § 48.081(3)(a) (emphasis added).

The "Return of Service" shows that Pioneer Corporate Services is Defendant's registered agent (Doc. 7). The official address listed for Pioneer is: 1107 W. 6th Ave., Suite B, Cheyenne, WY 82001.[3] Plaintiff served Defendant on March 25, 2016 by serving Anne Schmidt, an employee of the registered agent. Pursuant to FLA. STAT. § 48.081(3)(a), service on Defendant was proper. Upon being served with the summons and complaint, Defendant was required to respond on or before April 16, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant has failed to respond to the complaint and the time to do so has passed. Thus, the clerk's default was properly entered.

B.  Plaintiff's Complaint is Deficient

Plaintiff's complaint is deficient in multiple ways so as to preclude entry of final default judgment. First, Plaintiff fails to state the location of Defendant's corporate residence. Plaintiff simply states that Defendant "is conducting business in this judicial district ..." and that it has no connection to New Jersey (Doc. 1 at ¶¶ 5, 14). Second, Plaintiff fails to specify the type of business Defendant was engaged in when it employed him, or what job Plaintiff performed for the company.

Third, Plaintiff references invoices and pre-suit communications between himself and Defendant, but they are not part of the record. See FED. R. CIV. P. 10(c). Plaintiff has also failed to enclose a copy of the independent contractor agreement he repeatedly references. Fourth, Plaintiff's allegation that he was hired under the guise of an

---

[3] See https://wyobiz.wy.gov/business/FilingDetails.aspx?eFNum=1621740121920510360660451530490880530660870971 92 and https://wyobiz.wy.gov/business/FilingDetails.aspx?eFNum=06304721818616315507308025109300417417 6164201049 .

independent contractor agreement but in reality was treated as a non-exempt employee is a legal conclusion for the Court to make upon examination of all the pertinent filings and exhibits. This conclusion is not appropriate for inclusion in the complaint and will not support the entry of default judgment.

Fifth, in his complaint, Plaintiff alleges that Defendant filed a "retaliatory" and "frivolous" lawsuit in New Jersey. The substance of the lawsuit is unknown, and Plaintiff has not provided any facts (i.e. a dismissal order for lack of jurisdiction) to support the conclusion that it was frivolous. Baseless conclusions are impermissible in a complaint and are grounds for its dismissal. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Sixth, Plaintiff alleges he has not been paid "entirely" for invoices (para. 10) but fails to inform the Court of what, if any amount, he *has* been paid. Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Plaintiff fails to explain how he arrived at the amount of his claim. "While proof of damages in FLSA cases may be put forth by affidavit averments alone, the Court is not required to accept such evidence unquestioningly." Vaccaro v. Custom Sounds, Inc., No. 3:08-cv-776-J-32JRK, 2009 WL 4015569, at *2 (M.D. Fla. Nov. 19, 2009) (internal citations omitted). "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007). Plaintiff's affidavit is insufficient to establish his damages.

Seventh, Plaintiff's enumerated counts fail to state actionable causes. Count I is entitled "FLSA," but Plaintiff simply claims that he is "entitled to minimum wage for hours

worked pursuant to the FLSA" (Doc. 1 at ¶¶ 17-18). To establish a prima facie case of liability for unpaid minimum wage, Plaintiff must demonstrate the following:

> First, that he was employed by [defendant] during the time period involved; Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and Third, that the defendant failed to pay the minimum wage required by law.

Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (Jan. 28, 2008). Plaintiff has failed to adequately allege the facts concerning his employee/not-independent contractor argument. He has also failed to state the dates which he alleges he was employed by Defendant, beyond a start date.

In Count III, Plaintiff alleges that Defendant violated the Florida Whistleblower Act, FLA. STAT. §448.102 by retaliating against him after receiving a pre-suit demand letter. Plaintiff makes no allegation regarding when the retaliation occurred, however, earlier in the complaint Plaintiff stated that he was retaliated against "after his employment ended" (Doc. 1 ¶ 1). The Florida Whistleblower Act may be invoked when an employer has taken a retaliatory *personnel* action against an employee because an employee has engaged in a form of protected activity. FLA. STAT. 448.102; Pinder v. Bahamasair Holdings, Ltd. Inc., 661 F. Supp. 2d 1348, 1356 (S.D. Fla. 2009). Plaintiff has failed to allege how this statute provides relief to him if the offending action took place after his employment ended.

Plaintiff repeats his allegations from Count III in Count IV, entitled "FLSA - Retaliation Post Employment" but provides no basis for this cause of action either. The FLSA's retaliation provision requires a showing that the employee citing the statute suffered some kind of adverse employment action. See Wolf. v. Coca-Cola, Co., 200 F.3d 1337, 1342-1343 (11th Cir. 2000). A lawsuit that is filed after employment ends is not an

adverse employment action. Again, Plaintiff has failed to allege that this statute applies to his particular circumstance if the offending action took place after his employment ended.

Plaintiff's motion for final judgment – which is essentially a cut-and-paste of portions of his complaint – does not satisfy Local Rule 3.01(a). Pursuant to the local rules of this Court, "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, **and a memorandum of legal authority in support of the request** ..." M. D. FLA. R. 3.01(a) (emphasis added). A motion that is devoid of any argument as to why the movant is entitled to relief shall be denied. Cf. Supermedia, LLC v. W.S. Mktg., Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 3625627, at *2 (M.D. Fla. Aug. 17, 2011); Hickman v. Wal-Mart Stores, 152 F.R.D. 216, 219 (1993); Lanzaro-Schroeder v. Schroeder, Case No. 6:13-cv-1404-Orl-36TBS, 2014 U.S. Dist. LEXIS 63061, at *2 (M.D. Fla. April 9, 2014). The motion does not contain any legal authority or legal argument and it should be denied on this ground.

The foregoing is not a complete list of all the deficiencies in Plaintiff's motion, but does identify the major defects which preclude the entry of default judgment.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's Motion for Final Judgment Pursuant to Court's Default Judgment Against Defendant (Doc. 10) be **DENIED WITHOUT PREJUDICE** and Plaintiff be given **twenty-one (21) days** to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.   <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 5, 2016.

                                            THOMAS B. SMITH
                                            United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record