UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-cv-14570-ROSENBERG/LYNCH

PHILIP WILDSTEIN

    Plaintiff,

v.

CHEYENNE HOLDINGS, INC.,
a/k/a Galaxy Distribution, Inc.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR FINAL JUDGMENT WITHOUT PREJUDICE

This case is before the Court on Plaintiff's Motion for Final Judgment. DE 21. The Court has also considered the exhibits accompanying that filing, the Complaint, and the argument heard in this matter on February 3, 2017. The Court further notes that it has examined the Reports and Recommendations filed in this case before transfer to the undersigned. DE 11, 13. Although the Court's focus during the hearing was on damages, more searching review of the file and the Complaint revealed deficiencies that preclude the granting of Plaintiff's Motion for Final Judgment. For the reasons discussed below, Plaintiff's Motion for Final Judgment is denied without prejudice for the Plaintiff to file an Amended Complaint on or before February 14, 2017.

I.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The entry of a default is an admission by defendant of the well-pleaded allegations in the complaint. But "'[a] defendant's default does not in itself warrant the Court entering a default judgment.'" *DirectTV,*

1

*Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)  (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Defendant is not held to have admitted ill-pleaded facts or conclusions of law. *Nishimatsu*, 515 F.2d at 1206 (internal citation omitted). Accordingly, the Court must determine whether the pleading provides a sufficient basis for a default judgment. *Id.*

II.   BACKGROUND

Plaintiff Philip Wildstein filed this suit against his former employer, Defendant Cheyenne Holdings, Inc. a/k/a Galaxy Distribution, Inc. on February 25, 2016. DE 1. Plaintiff brought claims for unpaid wages and for retaliation under the Fair Labor Standards Act ("FLSA"). *Id.* He also alleged that he had suffered retaliation in violation of the Florida Whistleblower's Act ("FWA"). *Id.*

This case was initially filed with the United States District Court for the Middle District of Florida. The Clerk of Court entered a default against Defendant on May 3, 2016. DE 9. On June 29, 2016, Plaintiff filed a Motion for Entry of Final Judgment. DE 10. That Motion was referred to Magistrate Judge Thomas B. Smith by District Judge Carlos Mendoza. Magistrate Judge Smith recommended that the district court deny Plaintiff's Motion for Final Judgment and grant him leave to amend on July 6, 2016. DE 11.

But before Judge Mendoza could rule on the Report and Recommendation, it was rendered moot by Plaintiff's Amended Motion for Final Judgment. DE 12. That Motion, too, was referred to Magistrate Judge Smith. On August 9, 2016 Magistrate Judge Smith issued a Report and Recommendation recommending that Judge Mendoza deny Plaintiff's Amended Motion for Final Judgment and either dismiss the action or transfer the case to the United States District Court for the Southern District of Florida. DE 13. On December 19, 2016 Judge Mendoza

adopted that Report and Recommendation and directed transfer. DE 14. The case was then transferred and assigned to the undersigned. DE 15, 17.

The Clerk of Court entered a default against Defendant on December 22, 2016. DE 20. On January 5, 2017 Plaintiff filed a Motion for Entry of Final Judgment. DE 21. The Court notes that the Motion for Entry of Final Judgment that Plaintiff has filed before the undersigned is substantively identical to the Amended Motion for Entry of Final Judgment to which Magistrate Judge Smith's second Report and Recommendation responded. *C.f.* DE 12 and DE 21.

III.  DISCUSSION

A.  Count I Does Not State An FLSA Claim.

Under the FLSA an employer must pay employees an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week. 29 U.S.C. § 207. The FLSA gives employees not paid that statutory wage a private cause of action against their employer. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Id.* at 1298. To demonstrate coverage, an employee must show that the jurisdictional pre-requisite of "interstate commerce" exists. *Id.* That showing may be made in either of two ways. *Id.* First, an employee who regularly and directly participates in the actual movement of person or things in interstate commerce may claim "individual coverage." *Id.* Second, an employee whose employer both (i) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (ii) has gross volume sales or business of at least $500,000 annually, may claim "enterprise coverage." *Id.*

3

Here, Plaintiff asserts both individual and enterprise coverage. First, Plaintiff pleads: "At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA." DE 1 at ¶ 6. Plaintiff also pleads: "That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA." *Id* at ¶ 7. However, there are no factual allegations in the Complaint about the nature of Plaintiff's work and whether it was connected to interstate commerce.[1] Similarly, there are there no allegations about the nature of his employer's business and whether it was connected to interstate commerce or about this employer's gross revenues. Other courts in this district have found that complaints containing nearly identical allegations did not state a claim for relief. *See Ceant v. Aventura Limousine & Transp. Svc., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. June 27, 2012).

Furthermore, the Complaint asserts that "Plaintiff was hired under the guise of an independent contractor, when in reality the Plaintiff was simply a non-exempt employee working solely for the Defendant." DE 1 at 2.[2] In *Patel v. Wargo*, the Eleventh Circuit characterized the analogous determination of whether certain entities were "employers" within the meaning of the FLSA as a question of law, "with the subsidiary findings being questions of fact." 803 F.2d 632, 634 n. 1 (11th Cir. 1986). That case counsels that Plaintiff's assertion about his status is a legal conclusion couched as a factual allegation. Therefore, it will not support the entry of a default judgment. The Complaint is devoid of any other factual allegations that could support this Court

---

[1] One of Plaintiff's affidavits includes further factual allegations about the nature of his employment. DE 12-8 at ¶¶ 2,5. Plaintiff has also submitted a job description for the position he allegedly held: Senior Account Executive. DE 12-2. But the allegations in these documents are not deemed admitted because they were not submitted with, or referenced by, the Complaint.

[2] In a similar vein Plaintiff's Complaint states: "During his employment, the Defendant intentionally used the independent contractor agreement to require the *Plaintiff, a non-exempt employee under the FLSA*, to work for the Defendant, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA." DE 1 at ¶ 9 (emphasis added).

4

in reaching the legal conclusion that Plaintiff was a non-exempt employee in all but title. *See Scantland v. Jeffry Knight*, 721 F.3d 1308, 1311 (11th Cir. 2013) (noting that "[t]o determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor,' courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence.").

B. <u>The Argument Regarding Counts III and IV Is Not Adequately Supported</u>.

Counts III and IV are brought under the FWA and FLSA, respectively. Both claims assert that Defendant illegally retaliated against Plaintiff for pursuing his FLSA claim by bringing a frivolous lawsuit in the United States District Court for the District of New Jersey. DE 1. However, Plaintiff has not brought to the District Court's attention any case law from within this circuit addressing whether a lawsuit filed *after* an employee has already been terminated can support a retaliation claim under either statute. The Plaintiff cites to *Munroe v. Partbase* for the general proposition that "[c]ourts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory claims." No. 08-80431, 2008 WL 4998777, at *2 (S.D. Fla. Nov. 20, 2008). But that citation is not directly responsive because it does not address the matter of the suit having been filed *after* the employee had been terminated. Any future Motion for Default Judgment filed pursuant to any Amended Complaint shall cite case law from within this circuit supporting the claims in Counts III and IV or address the dearth thereof.

C. <u>Ambiguities Remain As To Damages</u>.

There is also ambiguity concerning damages. At the hearing held in this matter on February 3, 2017, counsel represented that Plaintiff is seeking *either* overtime pay in the amount

5

of $8,517.24 *or* payment for invoices in the amount of $6,063.12.[3] Where the invoices are concerned, the Complaint states that "Defendant failed to pay Plaintiff *entirely* for invoices of time submitted in January and February of 2015. Those amounts total $6,063.12." DE 1 at ¶ 10 (emphasis added). The word entirely indicates that some payments have already been made to Plaintiff, but the Complaint does not elaborate on the amount of any such payments. There is also a seeming conflict between the Complaint, which indicates that some payments have already been made, and the Plaintiff's affidavit, which states "I am owed for invoices of time submitted in January and February of 2015, which total $6,063.12." DE 21-1. Finally, the Court notes that only one invoice in the amount of $4,042.08 was attached to Plaintiff's Motion for Default Judgment. DE 12-3. The January 2015 invoice was not included.

IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Final Judgment is hereby denied without prejudice for the Plaintiff to file an Amended Complaint on or before February 14, 2017.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 7th day of January, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to all Counsel of Record

---

[3] This statement was taken by the Court as a clarification of Plaintiff's affidavit, which seemed to indicate that he was not seeking these amounts in the alternative.